# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Robiell Deangelo James, | ) | Cr. No. 6:03-148 |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Robiell Deangelo James ("Movant"), a pro se prisoner, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Movant is presently in custody of the Federal Bureau of Prisons, pursuant to commitment order from the United States District Court for the District of South Carolina. Movant filed the within § 2255 motion on November 26, 2007. The United States of America ("Respondent") filed a motion for summary judgment on December 12, 2007. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on December 13, 2007, advising Movant of the summary judgment procedure and the possible consequences if he failed to respond adequately. On January 10, 2008, Movant filed a reply in opposition to Respondent's motion for summary judgment.

## I. FACTS

Movant was the sole defendant named in a two count Indictment ("Indictment") with forfeiture allegations filed on January 28, 2003. Count One of the Indictment charged that on or about September 18, 2002, Movant distributed and possessed with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Two of the Indictment charged that on or about September 18, 2002, Movant used and carried a firearm during

and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On June 12, 2003, Movant entered into a plea agreement. During the plea colloquy, Movant affirmed that he was satisfied with his counsel, Entry 95 at 5:1-6:1; affirmed that the government's summary of the agreement was correct, Entry 95 at 15:21-23; and stated that no one had made any additional promises to him, Entry 95 at 13-17. As the court went through the plea colloquy, Movant evidenced some confusion at to whether $3,992.00 seized from him could be used against him for sentencing purposes. Movant stopped the change of plea proceedings three times to confer with his counsel before stating to the court that he understood that the money seized from him could be used against him because it was deemed to be drug proceeds. Entry 95 at 21:3-24:12. Subsequent to the plea colloquy, Movant pleaded guilty to Count One of the Indictment and signed a preliminary order of forfeiture. Immediately after the guilty plea, a bench trial was held as to Count Two, and Movant was adjudged not guilty of this count.

On August 22, 2003, a presentence report (PSR) was prepared. The PSR attributed 3.4 kilograms of cocaine base to Movant based upon the amount seized from Movant, the statement of Rosalia Choice, and the conversion of $3,992.00 to crack cocaine. Movant then submitted objections to the PSR. On December 3, 2003, the court held Movant's sentencing hearing. The court sustained Movant's objection to the PSR regarding the testimony of Rosalia Choice about historical drug amounts and overruled an objection regarding the conversion of money seized from Movant into a drug weight. The court found Movant responsible for 213.45 grams of crack cocaine. Movant was sentenced to 168 months imprisonment and 5 years of supervised release. On December 4, 2003, Defendant timely noticed his appeal.

In his appeal brief, Movant specifically contested the conversion of the $3,992.00 that was seized from Movant into a drug amount for sentencing purposes. Movant argued that he had not agreed to conversion of cash to crack. *See* Brief of Appellant, 2006 WL 3203351. On December 13, 2004, Movant's conviction and sentence were affirmed by the Court of Appeals for the Fourth Circuit. *United States v. James*, 118 F. App'x 686 (4th Cir. 2004). On May 20, 2005, Movant's sentence was vacated and his case remanded for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005). On May 15, 2006, the court held Movant's re-sentencing hearing. During the hearing, Movant objected to the conversion of the $3,992.00 into a drug weight, stating "[w]e agreed that forfeiture of $3,992.00 would not be used as an admission of guilt for sentencing purposes." Entry 71 at 4:26-5:4. The court overruled this objection, finding that Movant had admitted in his plea agreement and in the preliminary order of forfeiture as to Count One that this money was drug proceeds. Entry 71 at 4-13. The court sentenced Movant to 168 months imprisonment and 5 years of supervised release on May 15, 2006. Defendant noticed an appeal on May 22, 2006. On March 5, 2007, the Fourth Circuit affirmed Movant's sentence and noted that Movant "stipulated at his guilty plea hearing that $3,992.00, which was seized in a search of his house [,] . . . was the proceeds of drug sales." *United States v. James*, 219 F. App'x 287, 289 (4th Cir. 2007).

II. SUMMARY JUDGMENT STANDARD

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the burden of proving that there are no facts from which a jury could draw inferences favorable to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.* Summary judgment should only be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Cmty. College*, 955 F.2d 924, 928 (4th Cir. 1992).

### III. DISCUSSION

Movant contends that: 1) the government breached his plea agreement, and 2) he received ineffective assistance of trial counsel.

A. <u>Government Breach of Plea Agreement</u>

Movant first contends that the government made an oral agreement with his attorney not to use the $3,992.00 against him at sentencing. Movant further contends that the government failed

4

to disclose this agreement to the court. Movant concedes that the court asked him at the plea colloquy whether he had been promised anything that was not in the plea agreement and that he answered "No." However, Movant claims that this answer was at the advice of counsel. Movant contends that he stopped his plea hearing three separate times to confer with counsel and counsel assured him that the government had promised not to use the money against him for sentencing purposes. Movant contends that the fact that he denied that there had been any prosecutorial promises to induce the plea does not estop him from seeking to challenge the breach of plea.

"[W]hen a plea rests in any significant degree on a promise . . . of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)). As a result, proof of the government's refusal to abide by an oral promise would constitute evidence of fraud in the inducement, which would allow for admission of the evidence despite the parol evidence rule and possible relief. *Id.* (citing *United States v. Garcia*, 956 F.2d 41, 44 & n. 4 (4th Cir. 1992); *United States v. Harvey*, 791 F.2d 294, 300-01 (4th Cir.1986)). Therefore, if a representative of the government orally promised Movant that the $3,992.00 would not be converted into drugs and used against him for sentencing purposes, Movant would be entitled to relief even if his attorney failed to preserve this promise in the written plea agreement. *See id.*

A defendant's declarations during his or her plea colloquy in open court affirming a plea agreement "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Such statements "present 'a formidable barrier in any subsequent collateral proceedings.'" *United States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004) (citing *Blackledge*, 431 U.S. at 74). However, the Supreme Court has recognized that "no procedural device for the taking of guilty pleas is so

perfect in design and exercise as to warrant a per se rule rendering it 'uniformly invulnerable to subsequent challenge.'" *Blackledge*, 431 U.S. at 73. Even a perfect Federal Rule of Criminal Procedure 11 plea colloquy cannot completely immunize a guilty plea from collateral attack. *See White,* 366 F.3d at 296.

To overcome the strong presumption of veracity of his statements at the change of plea hearing, Movant's allegations, "when viewed against the record of the Rule 11 plea hearing," must not be "so palpably incredible, so patently frivolous or false as to warrant summary dismissal." *Id.* In addition, to survive summary judgment and warrant an evidentiary hearing, Movant must provide evidence disputing material facts with respect to his habeas allegations. *Id.* In particular, "when the factual allegations relate primarily to purported occurrences outside the courtroom and upon which the record could [] cast no real light, and where the ultimate resolution rests on a credibility determination, an evidentiary hearing is especially warranted." *Id.* at 302.

The Fourth Circuit has found that an evidentiary hearing is appropriate in cases similar to this one. In *United States v. White*, a habeas petitioner contended that the government had made him an oral promise, which was not incorporated into his written plea agreement, that he could conditionally plead guilty and still retain the right to appeal the denial of his suppression motion. 366 F.3d at 292. The petitioner made these allegations despite his affirmances at his plea hearing that no promises outside of the written plea agreement had been made. *Id.* The court, in viewing the allegations, noted the following circumstances: 1) the lack of any sworn denial of the alleged oral agreement from the government; 2) evidence in the record that the plea was involuntary; 3) the lack of dispute that the petitioner relied on mistaken advice from constitutionally ineffective counsel; 4) the plea agreement, though containing an integration clause, did not directly contradict the petitioner's understanding;

6

and 5) a Rule 11 plea colloquy that did not negate the petitioner's understanding. *Id.* at 299. The court concluded that in these extraordinary circumstances, the petitioner's allegations could not be deemed "palpably incredible" or "patently frivolous or false." *Id.* The court went on to conclude that an evidentiary hearing on the issue of whether the government made the alleged oral promise was appropriate because the petitioner had submitted evidence of his claims such that there was a genuine issue of material fact. *Id.* at 301. Specifically, the petitioner had submitted a sworn affidavit containing his allegations as well as an affidavit from his counsel that could be inferred to indicate that counsel failed to incorporate the government's oral promise into the final written plea agreement. *Id.* at 301.

The court notes that this case is distinguishable from the *White* case for several reasons. First, whether counsel was ineffective in making certain representations to Movant is disputed. Second, the plea agreement and forfeiture agreement directly contradict Movant's allegation of an oral agreement that the $3,992.00 would not be used against him. *See* Entry 71 at 6:18-10:11. Third, at least one of Movant's statements at the plea colloquy contradict Movant's allegation of an oral agreement. Entry 95 at 24:2-12. However, despite these distinctions, the court finds that there is a genuine issue of fact as to whether there was an oral agreement. The court bases this finding upon Movant's sworn allegations as well as a letter submitted with Movant's filing. This letter, which is from Movant's former counsel, is addressed to Movant and states: "it was clearly [counsel's] understanding in speaking with [the] AUSA [] that the money seized from [Movant] would never be used against [Movant] for sentencing purposes." Entry 76-2 at 2. Like in the *White* case, the court can, in viewing this letter in the light most favorable to Movant, infer that the alleged oral

7

promise might have existed. The court also finds it significant that, like in the *White* case, the government has submitted no sworn denial of the alleged oral agreement.

In addition, in reviewing the transcript of the change of plea hearing, it appears to the court that there was at least some confusion in Movant's mind about the issue of whether cash seized from him could be used against him for the purposes of sentencing. This is evidenced by Movant's need to consult with counsel three times during the change of plea hearing. *See* Entry 95 at 13-25. The court notes that this confusion is further corroborated in the transcript of Movant's re-sentencing on May 15, 2006, when counsel clearly indicates that there was an agreement that the money would not be used against Movant at sentencing. *See* Entry 71 at 4:25-5:4. Further, counsel's statements at the re-sentencing indicate that Movant's signing of the preliminary forfeiture order, admitting that the $3,992.00 was drug proceeds may have been a mistake. Entry 71 at 5:4-8:5; 10:8-12:6. Based upon the foregoing, the court finds that the an evidentiary hearing on the issue of whether the alleged oral agreement existed is appropriate.

B. Ineffective Assistance of Counsel

Movant next contends that he was provided ineffective assistance of counsel at his guilty plea. Movant specifically contends that counsel advised him that if he would forfeit the $3,992.00 to the government, the government would not use the money against him at sentencing. Movant further contends that he pleaded guilty in reliance on this promise and would not otherwise have pleaded guilty. In support of his claim, Movant points to his need to consult with counsel three times during the change of plea hearing. *See* Entry 95 at 21:3-24:12. Movant contends that each time he conferred with counsel he was advised that the alleged oral agreement was in place and that he should plead guilty.

8

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. There is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference to scrutinizing an attorney's performance. *Id.* at 688-89.

Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *See id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. *Id.* at 694. Moreover, when challenging a guilty plea premised on ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that, but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, (1985).

With regard to Movant's statement at the change of plea hearing that he was satisfied with counsel, the court recognizes that these statements are not relevant to Movant's allegations. This is because this statement to the court took place at the beginning of the plea colloquy and would have been made prior to any breach of the alleged oral agreement by the government and any failure by

9

counsel to put this agreement on the record. *See* Entry 95 at 5:1-6:1. Because there is a genuine issue of fact as to whether the alleged oral agreement exists, the court finds that an evidentiary hearing is also appropriate to help the court determine whether counsel was ineffective in failing to put any information about the alleged agreement on the record until the re-sentencing hearing on May 15, 2006. *See* Entry 71 at 4:25-5:4.

## IV. CONCLUSION

Based upon the foregoing, Respondent's motion for summary judgment is **denied.** Entry 81. Counsel shall be appointed under 18 U.S.C. § 3006A, as provided by Rule 8. A notice of hearing will be issued from the Office of the Clerk of Court.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour<br>
The Honorable Margaret B. Seymour<br>
United States District Judge

April 26, 2010
Columbia, South Carolina